# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHELLE BERTSCH,

        Plaintiff,

vs.

DISCOVER FINANCIAL SERVICES, et al.,

        Defendants.

Case No.: 2:18-cv-00290-GMN-GWF

**ORDER**

Pending before the Court are the Motions to Dismiss Plaintiff's Complaint, (ECF Nos. 11, 15, 20, 36, 41), filed by Defendant U.S. Bancorp ("Bancorp"); Defendant Chase Bank ("Chase"); Defendant Bank of America, N.A. ("BANA"); Defendant Citibank, N.A. ("Citibank"); and Defendant Discover Financial Services ("Discover") (collectively "Defendants"). Plaintiff Michelle Bertsch ("Plaintiff") filed a consolidated Response, (ECF No. 23), to the Motions from Bancorp, Chase, and BANA; and a separate consolidated Response, (ECF No. 45), to the Motions from Citibank and Discover. Bancorp, BANA, Chase, Citibank, and Discover filed Replies, (ECF Nos. 24, 25, 26, 48, 49), and Plaintiff filed surreplies, (ECF Nos. 28, 50, 51).

Also pending before the Court is BANA's Motion to Strike, (ECF No. 32), concerning Plaintiff's surreply, (ECF No. 28). Plaintiff did not file a response, and the time to do so has passed.

Also pending before the Court are Plaintiff's Motions for Clerk's Entry of Default against Discover, (ECF Nos. 38, 39). Discover filed a Response, (ECF No. 44). Plaintiff did not file a reply, and the time to do so has passed.

For the reasons discussed below, the Court **GRANTS** Defendants' Motions to Dismiss, (ECF Nos. 11, 15, 20, 36, 41); **GRANTS** BANA's Motion to Strike, (ECF No. 32); and **DENIES** Plaintiff's Motions for Entry of Clerk's Default, (ECF Nos. 38, 39).

## I. BACKGROUND

This case arises from the alleged identity theft of Plaintiff. (Compl. at 3, ECF No. 1). As a result of this identity theft, Plaintiff states that she disputed "countless credit card transactions" with Defendants, who are all banking institutions. (*Id.* at 1–3). For example, Plaintiff alleges that on November 2, 2017, she filed a "Qualified Written Request Non Negotiable Dispute of Alleged Debt" with Defendants. (*Id.* at 3). According to Plaintiff, that filing was to "no avail," and "Defendants continued to litigate the debts as valid debts." (*Id.* at 3–4)

Plaintiff, acting *pro se*, accordingly filed the Complaint for this lawsuit on February 15, 2018, alleging twenty-eight causes of action: (1) Violation of Securities Exchange Act of 1934; (2) "Violation of 31 C.F.R. 103.35 Financial Recordkeeping and Reporting"; (3) "Violation of 17 C.F.R. 240.15C1-2 Fraud and Misrepresentation"; (4) "Violation of 18 U.S.C. 1956, Laundering of Monetary Instruments"; (5) "Violation of 18 U.S.C. 1957 Engaging in Monetary Transactions in Propert [sic] Derived from Specified Unlawful Activity"; (6) Violation of 31 U.S.C. 5324, Structuring Transaction to Evade Reporting Requirements; (7) Violation of Truth and Lending Act Section 1640(H); (8) "Violation of Anti Trust [sic] Law"; (9) Violation of the Uniform Deceptive Trade Practices Act; (10) Bank Fraud; (11) Wire Fraud; (12) Violation of the Consumer Credit Cost Disclosure Act; (13) Violation of Fair Advertising; (14) Violation of Unfair Sales Act; (15) Violation of Unfair Competition; (16) "Violation of 12 USCA SEC 1831N(A)(2)(A) and C.F.R. 741.6(B)(GAAP)"; (17) Violation of 18 U.S.C. 513 and 514 Counterfeiting and Forgery; (18) "Violation of Pro Offering of Investment Securities"; (19) "Violation of 12 U.S.C. Chapter 2 Subchapter 4 Section 83(A)"; (20) "Violation of Law by

Acts of Privateering by Breach of Contract or Takings"; (21) "Violation of Law by Acts of Collussion [sic]"; (22) "Violation of Paper Terrorism"; (23) Violation of Freedom of Information or Privacy Act at 5 U.S.C. 552 and 552(A), Misrepresentation of Agreement; (24) Violation of FDCPA 15 U.S.C. 1692(e)(g)(a); (25) Violation of 15 U.S.C. 1692(d); (26) Violation of State Consumer Protection Laws; (27) Breach of Good Faith and Fair Dealing; (28) "Unfair and Unlawful Conduct & Unfair Trade Practice." (*Id.* at 4–41).

Defendants each moved to dismiss Plaintiff's Complaint, arguing that Plaintiff failed to properly plead any causes of action, and that several of Plaintiff's causes of action are not viable as a matter of law. (*See generally* Mots. Dismiss, ECF Nos. 11, 15, 20, 36, 41). Defendants thus argue for dismissal of Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6).

Additionally, in the course of briefing deadlines for the motions to dismiss, Plaintiff filed several surreplies without leave of court, (ECF Nos. 28, 50, 51). BANA accordingly moves to strike one of Plaintiff's surreplies. (Mot. Strike 1:28–2:2, ECF No. 32).

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

*Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III. DISCUSSION

The Court's below discussion first addresses BANA's Motion to Strike Plaintiff's surreply. The Court then addresses Plaintiff's Motions for Clerk's Entry of Default, followed by Defendants' Motions to Dismiss and the availability of leave to amend.

### A. Motion to Strike

Plaintiff did not seek leave of court to file any surreplies, but nonetheless did so for each of Defendants' motions to dismiss. Plaintiff's first surreply, (ECF No. 28), which is labeled as an "opposition," came twelve days after the replies from Bancorp, BANA, and Chase in support of their motions to dismiss. Similarly, Plaintiff's second and third surreplies, (ECF No. 50, 51), came roughly a month after the replies from Sears and Discover in support of their motions to dismiss.

District of Nevada Local Rule 7-2 governs the filing of surreplies and states that "surreplies are not permitted without leave of court." L.R. 7-2(b). Further, leave of court should only be permitted "to address new matters raised in a reply to which a party would

otherwise be unable to respond." *Smith v. United States*, No. 2:13-cv-039-JAD-GWF, 2014 WL 1301357, at *5 (D. Nev. Mar. 28, 2014). These rules do not wane for those acting *pro se*. *Id.*

Because Plaintiff did not receive leave to file any surreply, each of her surreply filings violate Local Rule 7-2. Furthermore, Defendants' replies do not invoke new issues that Plaintiff would otherwise have been unable to address; nor do Plaintiff's surreplies provide information or argument that was not already present in Plaintiff's responses. The Court accordingly grants BANA's motion to strike Plaintiff's first surreply, (ECF No. 28); and the Court also strikes Plaintiff's other surreplies, (ECF Nos. 50, 51), for violation of this District's local rules.

### B. Entry of Clerk's Default

Plaintiff filed two Motions for Entry of Clerk's Default against Discover. (Req. Submit at 1–2, ECF No. 38-1); (Req. Submit at 1–2, ECF No. 39-1). Federal Rule of Civil Procedure 55 governs entry of default. Rule 55(a) provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a); *Farmers Ins. Co. of Oregon v. Hopkins*, No. 2:10-CV-000067-RCJ, 2012 WL 4051870, at *1 (D. Nev. Sept. 11, 2012). Additionally, a plaintiff seeking default must show that the defaulting party has been properly served with process under Federal Rule of Civil Procedure 4(e). *See Frahn v. David Lee Phillips & Assocs.*, No. 2:17-cv-01560-JAD-CWH, 2017 WL 7725265, at *1 (D. Nev. Oct. 5, 2017).

Here, Plaintiff has not provided any of the requisite information to show that she adequately served Discover with process. Indeed, Plaintiff's Requests for Entry of Default do not provide any affidavit, declaration, or evidence to show that the correct Discover was served with process in this lawsuit. (*See generally* Reqs. Submit, ECF Nos. 38, 39). Even if Plaintiff did properly serve Discover with process, Discover has been actively defending this lawsuit, as

shown by their present Motion to Dismiss, (ECF No. 41). Accordingly, entry of default is not warranted against Discover.[1]

### C. Motions to Dismiss

Defendants' motions to dismiss consist of two central arguments: 1) several of Plaintiff's claims seek relief under statutory provisions that do not provide a private right of action; and (2) Plaintiff's Complaint fails to sufficiently plead factual allegations to support plausible claims against each Defendant. (Mot. Dismiss 3:3–10, ECF No. 11); (Mot. Dismiss 2:26–3:14, ECF No. 15); (Mot. Dismiss 1:24–2:9, ECF No. 20); (Mot. Dismiss 1:26–2:14, ECF No. 36); (Mot. Dismiss 2:2–16, 8:20–9:9, ECF No. 41). The Court's below discussion addresses each argument in turn.

#### i. Lack of Private Right of Action

Plaintiff's fourth, fifth, tenth, eleventh, and seventeenth claims come under Title 18 of the United States Code; and Plaintiff's sixth cause of action comes under Title 31 of the United States Code. (Compl. at 7–26, ECF No. 1). However, Title 18 applies to criminal prosecutions, and generally does not create private rights of action for civil plaintiffs. *See Gettings v. Philippine Airlines*, No. 2:15-cv-00705-APG, 2015 WL 3609718, at *3 (D. Nev. June 9, 2015) (dismissing a plaintiff's civil claims for mail and wire fraud, and stating: "In plain English, this means that a plaintiff may not sue defendants for violation of the wire fraud and bank fraud statutes or any other federal crime described in Title 18."). Nor does a private right of action arise from the specific provision of Title 31 cited in Plaintiff's Complaint, § 5324. *See Martinez Colon v. Santander Nat. Bank*, 4 F. Supp. 2d 53, 57 (D. P.R. 1998). Thus, these statutory provisions cannot serve as the basis for viable claims in this case.

---

[1] It then follows that Plaintiff's related Memorandum for Recovery of Costs and Disbursements, (ECF No. 40), is also without merit because Plaintiff is not a prevailing party against Discover.

Plaintiff's third claim under 17 C.F.R. 240.15c1-2 also fails to survive as a private right of action. To explain, 17 C.F.R. 240.15C1-2 supplements § 78o(c)(1) of the Securities Exchange Act of 1934 by providing definitions for terms used in that segment of the statute. However, courts have specifically found that 15 U.S.C. § 78o(c)(1) does not create any private right of action; and thus, as a regulation providing only supplemental definitions, 17 C.F.R. 240.15c1-2 does not either. *See Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1578 (9th Cir. 1990); *Asch v. Philips, Appel & Walden, Inc.*, 867 F.2d 776, 777 (2d Cir. 1989) ("15 U.S.C. § 78o (c)(1) does not implicitly create a private right of action."); *Roberts v. Smith Barney, Harris Upham & Co.*, 653 F. Supp. 406, 413 (D. Mass. 1986).

Similarly, Plaintiff's sixteenth claim for "Violation of 12 USCA SEC 1831N(A)(2)(A) and C.F.R. 741.6(B)(GAAP)" and nineteenth claim for "Violation of 12 USC Chapter 2 Subchapter 4 Section 83(A))" fail to survive as a private cause of action. (Compl. at 24–25, 28–29, ECF No. 1). Plaintiff's sixteenth claim is based, first, on a statute that requires certain accounting standards from banking agencies; and, second, a regulation that discusses reporting of financial statements—neither of which appear to create, nor have been interpreted to create, private rights of action. *See* 12 U.S.C. § 1831n(a)(2)(A); *see also* C.F.R. § 741.6(b); *Castro v. Home Capital Funding*, No. 09CV1347-WQH-JMA, 2009 WL 3618898, at *4 (S.D. Cal. Oct. 28, 2009); *Anthony v. Cattle Nat. Bank & Tr. Co.*, 684 F.3d 738, 739 (8th Cir. 2012). Likewise, Plaintiff's nineteenth claim is based on a statute that prohibits a national bank from making a "loan or discount on the security of the shares of its own capital stock," which courts have found enforceable only by the Government. *See Davis v. Countrywide Home Loans*, No. 09 CIV. 8606 RJS HBP, 2010 WL 3219306, at *8 (S.D.N.Y. July 23, 2010), *report and recommendation adopted*, 2010 WL 3219304 (S.D.N.Y. Aug. 13, 2010).[2]

---

[2] If these above-mentioned statutes and regulations in Plaintiff's Complaint do provide for private rights of action, it is Plaintiff's burden to show that fact and how her claims fall under those provisions. *See Rouse v. U.S. Dep't of State*, 567 F.3d 408, 418 (9th Cir. 2009) ("[Plaintiff] must demonstrate that a federal *statute* vests him

Related to the lack of a private right of action is Plaintiff's inability to assert her twenty-third claim against the named Defendants. That claim asserts violations of the Freedom of Information Act ("FOIA") at 5 U.S.C. § 552. (Compl. at 33–34, ECF No. 1). Courts have routinely found that FOIA applies only to federal executive branch agencies, as shown by the express terms of the statute. *See* 5 U.S.C. § 552(a); *Philip Morris Inc. v. Harshbarger*, 122 F.3d 58, 83 (1st Cir. 1997) ("The FOIA, however, by its own terms, applies only to federal executive branch agencies."). Because Defendants are private banking institutions, Plaintiff cannot bring this claim against them. (*See* Compl. at 1–2, ECF No. 1) (listing the named defendants).

### ii. Sufficiency of Allegations

In addition to several of Plaintiff's claims lacking private rights of action, Defendants also argue that Plaintiff Complaint fails to include sufficient factual allegations for Defendants to receive fair notice of the basis for her claims. (Mot. Dismiss 5:12–15, ECF No. 41); (Mot. Dismiss 7:12–14, ECF No. 36). In response, Plaintiff argues that pleading rules under Federal Rule of Civil Procedure 8(a) only require "notice pleading," which she alleges are satisfied in her Complaint. (*See* Resp. 6:9–21, ECF No. 45).

Though Federal Rule of Civil Procedure 8(a) encourages brevity in a complaint through "short" and "plain" statements for entitlement to relief, Rule 8(a) nonetheless requires enough detail to state "who is being sued, for what relief, and on what theory . . . to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1177–78 (9th Cir.1996); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, a complaint must allege enough factual content to permit the reasonable inference that a defendant is liable for unlawful conduct. *Iqbal*, 556 U.S. 678. Broad allegations that merely present a formulaic

---

with such a right."). However, Plaintiff has made no argument on this issue, (*see generally* Mots. Dismiss, ECF Nos. 23, 45); and courts that have analyzed the federal statutes and regulations named in Plaintiff's third, fourth, fifth, sixth, tenth, eleventh, sixteenth, seventeenth, and nineteenth claims have found otherwise.

recitation of a cause of action are not enough. *See Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Plaintiff's Complaint does not survive the applicable pleading standard because it severely lacks factual allegations that could permit a reasonable inference of how Defendants are liable for unlawful conduct. *Iqbal*, 556 U.S. at 679. To be clear, Plaintiff does provide a few statements as support for her claims, such as: "Plaintiff properly notified Defendants that she was a victim of identity theft," "Defendants continued to litigate debts as valid debts," and "Defendants had the intention of defrauding Plaintiff by failing to honor the identity theft program as sold to Plaintiff." (Compl. at 4, ECF No. 1). However, the remainder of Plaintiff's forty-two-page Complaint adds nothing more to those statements, and instead consists of boilerplate legal conclusions repeated throughout each claim. This "formulaic" recital of legal conclusions, without any statements as to how a defendant engaged in unlawful conduct, is insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 679; *see McHenry*, 84 F.3d at 1177–78.

The deficiency of Plaintiff's Complaint is especially present when looking to each claim. Plaintiff's first claim, for example, broadly alleges a violation of the Securities Exchange Act of 1934—a statutory scheme designed to regulate and control "transactions in securities." *See* 15 U.S.C. 78(a)–(b); (Compl. at 4, ECF No. 1). However, Plaintiff's Complaint does not reference the purchase of any securities; and instead relies on "identity theft protection." (*Id.*). Similarly, Plaintiff does not point the Court or Defendants to any provisions of the Securities Exchange Act that would apply to her identity theft protection.

Plaintiff's second and eighteenth claims suffer from similar pleading deficiencies. The basis of Plaintiff's second claim, 31 C.F.R. 1023.410,[3] applies to record keeping with brokers

---

[3] Plaintiff's Complaint alleges a second claim under "31 C.F.R. 103.35." (Compl. at 5, ECF No. 1). However, it appears that 31 C.F.R. 103.35 has been moved to 31 C.F.R. § 1023.410(a)–(b). *See* 75 Fed. Reg. 65,806, 65,806 (Oct. 26, 2010) (restructuring regulations within Title 31 of the Code of Federal Regulations, effective March 1,

or dealers in securities; and Plaintiff's eighteenth claim vaguely asserts a violation of "Pro Offering of Investment Securities." (Compl. at 5–27, ECF No. 1). However, Plaintiff's Complaint again does not allege any facts associated with securities, relying instead on identity theft protection. (*See id.*).

Next, concerning Plaintiff's seventh claim, the Complaint cites only § 1640(f) of the Truth and Lending Act, which broadly discusses potential remedies for a violation of other sections within the Act, 15 U.S.C. § 1601, *et seq*. Plaintiff neither points to a specific provision of the statute that Defendants allegedly violated, nor provides specific facts to explain how Defendants violated the statute's credit disclosure requirements. (*See* Complaint at 1–4, 11–12, ECF No. 1). Defendants therefore do not have a factual basis necessary to understand the claims against them; and thus, these claims must be dismissed. *See Twombly*, 550 U.S. at 555.

Similarly requiring dismissal for failing to give Defendants proper notice of the claims against them is Plaintiff's eighth claim for "Violation of Anti Trust [sic] Law." (Compl. at 13–14, ECF No. 1). Plaintiff's eight claim does not point to any statutory provision at issue, and does not provide any facts for anti-competitive behavior by Defendants. (*Id.*). Nor does Plaintiff provide any facts of anti-competitive behavior that could support her fifteenth, twenty-first, and twenty-eighth claims for "Violation of Unfair Competition," "Violations of Law by Acts of Collussion [sic]," and "Unfair and Unlawful Conduct and Unfair Trade Practices." (*See* Compl. 22–23, 30–31, 40–41, ECF No. 1). These claims are accordingly dismissed for failing to include enough factual detail to support a plausible claim. *See Iqbal*, 556 U.S. at 678.

Plaintiff's twentieth and twenty-seventh claims, which are based in breach of contract, equally require dismissal. (Compl. at 29–3, 39–40, ECF No. 1) (showing the twentieth claim for "Violation of Law by Acts of Privateering by Breach of Contract or Takings, and the

---

2011). Plaintiff did not contest this fact. The Court will therefore construe Plaintiff's claims as referring to operable provisions.

twenty-seventh claim for "Breach of Good Faith and Fair Dealing"). Plaintiff's Complaint does not include facts that show the creation of a contract, and Plaintiff's sole reference to the breach of terms within an agreement comes with the first cause of action for violation of the Securities Exchange Act of 1934. (Compl. at 4, ECF No. 1). However, that sole reference is simply a conclusory statement that "Defendants did not fully comply with the terms of the agreement set forth therein." (*Id.*). Without facts that reveal terms of an agreement, or the existence of an agreement in general, the Court cannot find plausible claims for breach of contract—especially for the twenty-seventh claim of Breach of Good Faith and Fair Dealing, which in tort requires allegations of a "special relationship" between the victim and tortfeasor, and in contract requires deliberate contravention of the "intention and spirit of the contract." *See Ruggieri v. Hartford Ins. Co. of the Midwest*, No. 2:13-CV-00071-GMN, 2013 WL 2896967, at *3–4 (D. Nev. June 12, 2013). Thus, the Court dismisses Plaintiff's twentieth and twenty-seventh claims.

Addressing now Plaintiff's ninth, thirteenth, and twenty-sixth claims regarding deceptive trade practice, fair advertising, and consumer protection, these too are not supported by factual allegations and must be dismissed. The relevant sections of the Complaint for these claims only include boilerplate legal conclusions, such as "Plaintiff is entitled to damages" and "Defendants acted willfully." (*Id.* at 14–15, 20–21, 37–39). Further, these legal conclusions do not appear as elements of any specific common law cause of action, and the Complaint does not have a statutory citation for Defendants to locate the claims. Likewise, even if the claims were based on Nevada's statutory schemes for Deceptive Trade Practices (Chapter 598), the Complaint provides only one reference to a purchase of goods and deception related to sales. (*See id.* at 2–4, 14–15, 20–21, 37–39, ECF No. 1). However, that one reference comes as a conclusory statement that a "Defendant" failed "to honor the identity theft program as sold to Plaintiff." (*Id.* at 4). Without more, however, Defendants and the Court are unable to determine

which defendant engaged in wrongful conduct, and how their actions contradicted prior representations made during the sale of the identity theft program. Accordingly, the Complaint lacks sufficient factual allegations to support the ninth, thirteenth, and twenty-sixth claims. *See Twombly*, 550 U.S. at 570.

Plaintiff's Complaint does have some references to specific statutory provisions, such as the twenty-fourth and twenty-fifth claims for violations of the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692. The purpose of that statute is to "to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. § 1692(e); *see McGee v. CitiMortgage*, No. 2:12-CV-2025 JCM PAL, 2013 WL 2405301, at *7 (D. Nev. May 31, 2013). Lacking from Plaintiff's Complaint, however, is any allegation or suggestion that Defendants engaged in harassment, intimidation, or abusive actions to recover debt. Rather, Plaintiff only states that Defendants "continued to litigate the debts as valid debts." (Compl. at 4, ECF No. 1). Thus, Plaintiff fails to state a plausible claim under the FDCPA, and her twenty-fourth and twenty-fifth claims are dismissed. *See Twombly*, 550 U.S. at 570.

Lastly, several of Plaintiff's claims appear to come under statutes that do not exist. (*See* Mot. Dismiss 10:7–11, ECF No. 11); (*see also* Mot. Dismiss 10:24–11:3, ECF No. 11). Specifically, Plaintiff's twelfth claim is for "Violation of the Consumer Credit Cost Disclosure Act"[4]; her fourteenth claim is for "Violation of Unfair Sales Act"; and her twenty-second claim is for "Violation of Paper Terrorism." (Compl. at 11–12, 21–22, 32–33, ECF No. 1). Plaintiff's Complaint and Responses do not include citations for these statutes or identifying qualities other than the claimed titles, and Defendants have been equally unsuccessful at finding these statutes on their own. (*See generally* Resps., ECF Nos. 23, 45); (*See* Mot. Dismiss 8:17–19,

---

[4] Plaintiff's naming of the "Consumer Credit Cost Disclosure Act" may be her attempt to reference the Truth in Lending Act, 15 U.S.C. § 1601; but this is not clear from Plaintiff's Complaint. If it is a reference to the Truth in Lending Act, however, the Court's analysis for the Plaintiff's seventh cause of action for "Violation of the Truth and [sic] Lending Act Section 1640(H)" applies, and the claim is accordingly dismissed.

ECF No. 41); (*See* Mot. Dismiss 10:24–11:3, 13:18–24, ECF No. 11). Further, Plaintiff's Complaint holds only a formulaic recitation of legal conclusions for those claims—without factual allegations that could resemble the elements for a cause of action. Thus, since neither Defendants nor the Court can discern the basis of Plaintiff's twelfth, fourteenth, and twenty-second claims, they are dismissed for failing to give fair notice of a legally cognizable claim and the grounds on which it rests. *See Twombly*, 550 U.S. at 555.

Altogether, without sufficient factual allegations to support Plaintiff's claims, the Court cannot find plausible allegations of wrongdoing by Defendants. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). The Court accordingly dismisses Plaintiff's Complaint regarding the first, second, seventh, eighth, ninth, twelfth, thirteenth, fourteenth, fifteenth, eighteenth, twentieth, twenty-first, twenty-second, twenty-fourth, twenty-fifth, twenty-sixth, twenty-seventh, and twenty-eighth claims.

**D. Leave to Amend**

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[I]n dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

As explained above, Plaintiff's third, fourth, fifth, sixth, tenth, eleventh, sixteenth, seventeenth, nineteenth, and twenty-third claims come under statutory or regulatory provisions that do not create private rights of action. Because these claims are not viable as a matter of law, amendment would be futile; and the Court accordingly dismisses them without leave to amend. *Lopez*, 203 F.3d at 1127.

However, the Court finds that Plaintiff may be able to plead additional details and facts to support her first, second, seventh, eighth, ninth, twelfth, thirteenth, fourteenth, fifteenth, eighteenth, twentieth, twenty-first, twenty-second, twenty-fourth, twenty-fifth, twenty-sixth, twenty-seventh, and twenty-eighth claims against Defendants. First, these claims appear to arise under viable private rights of action, though Plaintiff's amendment must include clearer references to statutory or regulatory provisions when applicable. Second, Plaintiff filed numerous exhibits that allegedly provide evidence in support of her claims. Those exhibits were not filed with the complaint, and the Court will not consider that evidence at this stage or opine on its merit. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). Nevertheless, Plaintiff may be able to review those exhibits to discern factual allegations that she can plead to support her claims. The Court accordingly will grant Plaintiff leave to file an amended complaint for those claims. Plaintiff shall file her amended complaint within twenty-one (21) days from the date of this Order. Failure to do so will result in dismissal with prejudice.

## IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that BANA's Motion to Strike, (ECF No. 32), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Submit Default, (ECF Nos. 38, 39), are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss, (ECF Nos. 11, 15, 20, 36, 41), are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's first, second, seventh, eighth, ninth, twelfth, thirteenth, fourteenth, fifteenth, eighteenth, twentieth, twenty-first, twenty-second, twenty-fourth, twenty-fifth, twenty-sixth, twenty-seventh, and twenty-eighth are **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's third, fourth, fifth, sixth, tenth, eleventh, sixteenth, seventeenth, nineteenth, and twenty-third claims are **DISMISSED with prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff shall have twenty-one (21) days from the filing date of this Order to file an amended complaint. Failure to file an amended complaint by this date shall result in the dismissal of Plaintiff's claims with prejudice.

**DATED** this __6__ day of March, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court