**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHELLE BERTSCH, | ) |
| Plaintiff, | ) Case No.: 2:18-cv-00290-GMN-EJY |
| vs. | ) |
| | ) **ORDER** |
| DISCOVER FINANCIAL SERVICES, *et al.*, | ) |
| Defendants. | ) |

Pending before the Court are the Motions to Dismiss Plaintiff's Amended Complaint, (ECF Nos. 54, 56, 58, 59, 60), filed by Defendant Bank of America, N.A. ("BANA"); Defendant U.S. Bancorp ("Bancorp"); Defendant Chase Bank ("Chase"); Defendant Citibank, N.A. ("Citibank"); and Defendant Discover Financial Services ("Discover") (collectively "Defendants"). Plaintiff Michelle Bertsch ("Plaintiff") filed a Response, (ECF No. 62), to BANA's Motion to Dismiss, and two consolidated Responses, (ECF Nos. 64, 65), although Plaintiff fails to identify which Motions each consolidated Response is meant to address. BANA, Bancorp, Discover, Citibank, and Chase filed Replies, (ECF Nos. 63, 66, 70, 71, 73).

For the reasons discussed below, the Court **GRANTS** Defendants' Motions to Dismiss, (ECF Nos. 54, 56, 58, 59, 60).

**I.     BACKGROUND**

This case arises from the alleged identity theft of Plaintiff. (First Am. Compl. ("FAC") at 3, ECF No. 53). Plaintiff states that she "properly notified Defendants that she was a victim of identity theft, and requested validation of the debts allegedly incurred." (*Id.*). Plaintiff further alleges that "Defendants refused to eliminate the debt despite the purchase of Identity Theft." (*Id.*). As a result of the alleged theft of Plaintiff's identity, Plaintiff states that she disputed "countless credit card transactions" with Defendants, who are all banking institutions.

(*Id.* at 1–3). For example, Plaintiff alleges that on November 2, 2017, she filed a "Qualified Written Request Non Negotiable Dispute of Alleged Debt" with Defendants. (*Id.* at 3). According to Plaintiff, that filing was to "no avail," and "Defendants continued to litigate the debts as valid debts." (*Id.* at 3–4)

Plaintiff, acting *pro se*, filed a Complaint on February 15, 2018, alleging twenty-eight causes of action. Defendants each moved to dismiss Plaintiff's claims pursuant to Federal Rule of Procedure 12(b)(6). (*See* Mots. Dismiss, ECF Nos. 11, 15, 20, 36, 41). On March 6, 2019, the Court dismissed Plaintiff's Complaint. (Order at 15–16, ECF No. 52). However, the Court granted Plaintiff leave to amend certain causes of action. (*Id.* at 15).

On March 27, 2019, Plaintiff filed her Amended Complaint, (ECF No. 53), setting forth the following cause of action: (1) violation of the Fair Credit Reporting Act (FCRA) against all Defendants; (2) violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692(e), (g), and (a) against all Defendants; (3) violation of state and federal consumer protection laws against all Defendants; (4) breach of good faith and fair dealing against all Defendants; (5) deceptive and unfair trade practices against all Defendants; (6) violation of section 5(a) of the Federal Trade Commission Act (FTC Act) 15 U.S.C. § 45 against all Defendants; (7) violation of Regulation Z of the Truth in Lending Act (TILA) against all Defendants; and (8) violation of the Fair Credit Billing Act (FCBA). (FAC at 5–16, ECF No. 53). Plaintiff does not indicate whether she alleges eight cause of action against any particular defendant. (*Id.* at 15–16).

Defendants each move to dismiss Plaintiff's Amended Complaint, arguing that Plaintiff improperly "lumped" Defendants together and failed to properly plead any causes of action. (*See generally* Mots. Dismiss, ECF Nos. 54, 56, 58, 59, 60). Defendants thus argue for dismissal of Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*,

832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**III. DISCUSSION**

Defendants argue that Plaintiff's Amended Complaint improperly "lumps" Defendants together and fails to include sufficient factual allegations for Defendants to receive fair notice

of the basis for her claims. (*See, e.g.*, Bancorp Mot. Dismiss ("MTD") at 6, ECF No. 56); (Discover MTD at 6, ECF No. 60). In response, Plaintiff argues that pleading rules under Federal Rule of Civil Procedure 8(a) only require "a short precise statement. This [amended] complaint contains just that and is sufficient enough to move forward." (*See* Consolidated Resp. at 1, 7, ECF No. 65).

Though Federal Rule of Civil Procedure 8(a) encourages brevity in a complaint through "short" and "plain" statements for entitlement to relief, Rule 8(a) nonetheless requires enough detail to state "who is being sued, for what relief, and on what theory . . . to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1177–78 (9th Cir. 1996); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, a complaint must allege enough factual content to permit the reasonable inference that a defendant is liable for unlawful conduct. *Iqbal*, 556 U.S. 678. Broad allegations that merely present a formulaic recitation of a cause of action are not enough. *See Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Plaintiff's Amended Complaint does not survive the applicable pleading standard because it lacks factual allegations that could permit a reasonable inference of how Defendants are liable for unlawful conduct. *Iqbal*, 556 U.S. at 679. Plaintiff provides a few statements supporting her claims. (*See* FAC at 3–4, ECF No. 53). However, the remainder of Plaintiff's Amended Complaint adds nothing more to those statements, and instead consists of boilerplate legal conclusions repeated throughout each claim. This "formulaic" recital of legal conclusions, without any statements as to how a defendant engaged in unlawful conduct, is insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 679; *see McHenry*, 84 F.3d at 1177–78. Moreover, Plaintiff's Amended Complaint fails to differentiate between any of the named Defendants. A plaintiff suing multiple defendants "must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2)[.]" *Flores v. EMC*

*Mortg. Co.*, 997 F. Supp. 2d 1088, 1103 (E.D. Cal. 2014). However, nowhere does Plaintiff identify any actions or omissions attributable to a particular Defendant. The deficiency of Plaintiff's Amended Complaint is especially apparent when looking to each claim.

### A. Violation of the Fair Credit Reporting Act

Plaintiff's first claim asserts a violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.* against all Defendants. Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 53 (2007).

Section 1681s–2(a) imposes certain duties on those who furnish information to consumer reporting agencies ("CRAs"), called "furnishers" in the statute, in order to encourage accurate reporting. However, "[d]uties imposed on furnishers under [Section 1681s–2(a) ] are enforceable only by federal or state agencies." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009).

Section 1681s–2(b) imposes certain duties on those who furnish information to CRAs upon notice of a dispute. However, "[t]hese duties arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." *Gorman*, 584 F.3d at 1154.

Here, Plaintiff does not allege that she disputed the reporting with any credit reporting agency or that any of Defendants received notification of the dispute from a credit reporting agency. Having failed to sufficiently allege that Defendants had proper notice under FCRA such as to trigger its duty to investigate Plaintiff's claims, Plaintiff fails to state a private cause of action under FCRA and her claim must be dismissed.

### B. Violation of the Fair Debt Collection Practices Act

Plaintiff's second claim asserts violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, against all Defendants. The FDCPA makes it unlawful for

debt collectors to use abusive tactics while collecting debts for others. *Ramanathan v. Saxon Mortg. Servs., Inc.*, No. 2:10-cv-02061-KJD, 2011 WL 6751373, at *6 (D. Nev. Dec. 21, 2011). The FDCPA defines a debt collector as "any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Here, Plaintiff's Amended Complaint does not allege that any of Defendants took any action to collect any debt owed to another or otherwise. Therefore, Plaintiff's second cause of action fails to state a claim and must be dismissed.

### C. Violation of State and Federal Consumer Protection Laws

Plaintiff's third claim for relief merely alleges "violation of state & federal consumer protection laws." (FAC at 7–9). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Because Plaintiff fails to provide any legal or factual basis for this claim, Plaintiff's third cause of action is dismissed.

### D. Breach of Good Faith and Fair Dealing

Plaintiff's fourth cause of action asserts a claim for breach of good faith and fair dealing against all Defendants. Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe Cty.*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *Crow v. Home Loan Ctr.*, No. 3:11-cv-00259-LRH-VPC, 2011 WL 2214118, at * 2 (D. Nev. 2011). Here, Plaintiff's Amended Complaint fails to identify any specific contract that existed between Plaintiff and any of Defendants. As such,

Plaintiff fails to state a claim for breach of the implied covenant of good faith and fair dealing. Plaintiff's fourth claim must be dismissed.

### E. Unfair and Deceptive Trade Practices

Plaintiff's fifth claim for relief asserts a claim for violation of Nevada's Deceptive Trade Practices Act ("DTPA") against all Defendants. NRS 41.600 provides, "[a]n action may be brought by any person who is a victim of consumer fraud. As used in this section, 'consumer fraud' means: . . . A deceptive trade practice as defined in NRS 598.0915 to NRS 598.0925: . . ." To establish a violation of the DPTA, the plaintiff must demonstrate that (1) an act of consumer fraud by the defendant (2) caused (3) damages to the plaintiff. *Picus v. Wal–Mart Stores, Inc.*, 256 F.R.D. 651, 657–58 (D. Nev. 2009) (noting Nevada Supreme Court has not specified the elements of a DPTA claim and predicting how the court would rule). Here, Plaintiff's Amended Complaint does not contain factual allegations showing that any Defendants engaged in a "deceptive trade practice" as defined in NRS 598.0915 to NRS 598.0925. As such, Plaintiff's fifth cause of action must be dismissed.

### F. Violation of Section 5 of the Federal Trade Commission Act

Plaintiff's sixth cause of action purports to state a claim under Section 5 of the Federal Trade Commission Act (FTCA), 15 U.S.C. § 45, against all Defendants. However, this claim "fails from the start, as there is no private cause of action for violations of the FTCA. *Sea-Land Serv., Inc. v. Atl. Pac. Int'l, Inc.*, 61 F. Supp. 2d 1102, 1107 (D. Haw. 1999) (citing *Carlson v. Coca–Cola Co.*, 483 F.2d 279 (9th Cir. 1973); *Morrison v. Back Yard Burgers, Inc.*, 91 F.3d 1184, 1187 (8th Cir. 1996); *Fulton v. Hecht*, 580 F.2d 1243, 1248 n.2 (5th Cir. 1978)); *see also Givens v. Paramount Mortg.*, No. 2:09-cv-3269-JAM-KJM, 2010 WL 1854100, at *1 (E.D. Cal. May 6, 2010) ("More importantly, 15 U.S.C. § 45(a) does not provide a private cause of action for a failure to respond to a QWR."). Accordingly, Plaintiff's sixth cause of action fails to state a claim upon which relief can be granted. Thus, this claim is dismissed with prejudice.

### G. Violation of Regulation Z of the Truth in Lending Act and the Fair Credit Billing Act

Plaintiff's seventh and eighth causes of action allege violations of Regulation Z of the Truth in Lending Act (TILA) and the Fair Credit Billing Act (FCBA), respectively. Congress enacted TILA to promote "economic stabilization" and consumers' "informed use of credit." *See* 15 U.S.C. § 1601(a). TILA is implemented by Regulation Z, 12 C.F.R. § 1026(a), which establishes, *inter alia*, disclosures that credit card issuers must make to consumers and circumstances under which a payment may be credited as late. *See* 12 C.F.R. §§ 226.1–226.59; *Chase Bank USA, N.A. v. McCoy*, 562 U.S. 195, 198 (2011). Moreover, under the FCBA, a consumer may notify a creditor of billing errors by writing to the creditor within sixty days of the creditor's first transmission of a statement with the errors. *See* 15 U.S.C. § 1666(a). The regulations provide that written notice of a billing error must be "received by a creditor . . . no later than 60 days after the creditor transmitted the first periodic statement that reflects the alleged billing error." 12 C.F.R. § 226.13. The creditor's duties under the FCBA are triggered only upon receipt of a notice complying with the requirements of 15 U.S.C. § 1666(a).[1]

Here, Plaintiff's Amended Complaint fails to allege what disclosures, if any, Defendants failed to make to Plaintiff; fails to allege that any of Defendants credited any payment from her as late; and fails to allege that Plaintiff properly and timely disputed any inaccurate charge under the terms of the FCBA. As such, Plaintiff's seventh and eight causes of action must be dismissed.

///

---

[1] Both TILA and FCBA are governed by a one-year statute of limitations, which runs "from the date of the occurrence of the violation[.]" 15 U.S.C. § 1640(e). Defendants argue that Plaintiff became aware of the alleged identity theft in 2016, and therefore, Plaintiff's TILA and FCBA claims are time barred. (*See, e.g.*, BANA MTD at 10, ECF No. 54); (Bancorp MTD at 11, ECF No. 56); (Discover MTD at 5–6, ECF No. 70). However, Plaintiff's Amended Complaint does not contain an allegation that she learned of the identity theft in 2016. Accordingly, the Court will not consider this argument at this time.

### H. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[I]n dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

As explained above, Plaintiff's sixth claim for relief comes under a statutory provision that does not create a private right of action. Because this claim is not viable as a matter of law, amendment would be futile; and the Court accordingly dismisses it without leave to amend. *Lopez*, 203 F.3d at 1127.

However, the Court finds that Plaintiff may be able to plead additional details and facts to support her first, second, third, fourth, fifth, seventh, and eighth claims against Defendants. First, these claims appear to arise under viable private rights of action, though Plaintiff's amendment must include clearer references to statutory or regulatory provisions when applicable. Additionally, Plaintiff's amendment must put Defendants on sufficient notice of the allegations against them. Moreover, Plaintiff filed numerous exhibits that allegedly provide evidence in support of her claims. (*See* ECF Nos. 64, 67–69). Those exhibits were not filed with the complaint, and the Court will not consider that evidence at this stage or opine on its merit. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). Nevertheless, Plaintiff may be able to review those exhibits to discern factual allegations that she can plead to support her claims. The Court accordingly will grant Plaintiff leave to file an

amended complaint for those claims.  Plaintiff shall file her second amended complaint within twenty-one (21) days from the date of this Order.  Failure to do so will result in dismissal with prejudice.

**IV.  CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss, (ECF Nos. 54, 56, 58, 59, 60), are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's first, second, third, fourth, fifth, seventh, and eighth claims are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's sixth claim is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff shall have twenty-one (21) days from the date of this Order to file a second amended complaint.  Failure to file a second amended complaint by this date shall result in the dismissal of Plaintiff's claims with prejudice.

**DATED** this __11__ day of March, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court