# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| MICHELLE BERTSCH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:18-cv-00290-GMN-EJY |
| vs. | ) | |
| | ) | **ORDER** |
| DISCOVER FINANCIAL SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is Plaintiff Michelle Bertsch's ("Plaintiff's") Motion for Reconsideration, (ECF No. 83).  Defendant Discover Financial Services ("Discover"),[1] Sears Citibank d/b/a CBNA ("Citibank"),[2] US Bancorp, Chase Bank,[3] and Bank of America N.A. ("BANA") each filed a Response, (ECF Nos. 90, 92, 96, 101, 103).  Plaintiff did not file a Reply.

Also pending before the Court is Plaintiff's Motion to Set Aside Dismissal, (ECF No. 85).  Defendant Discover, Citibank, US Bancorp, Chase Bank, and BANA each filed a Response, (ECF Nos. 91, 93, 97, 102, 104).  Plaintiff did not file a Reply.

For the reasons discussed below, the Court **DENIES** Plaintiff's Motions.

//

//

---

[1] Defendant notes that the docket incorrectly lists its name as "Discover Financial Services." (*See* Discover's Resp. at 1, ECF Nos. 90–91).

[2] Defendant notes that the docket incorrectly lists its name as "Sears Citibank d/b/a CBNA." (*See* Citibank's Resp. at 1, ECF Nos. 92–93).

[3] Defendant notes that the docket incorrectly lists its name as "Chase Bank." (*See* Chase Bank's Resp. at 1, ECF Nos. 101–102).

1   I.   **BACKGROUND**

2       This case arises from the alleged theft of Plaintiff's identity. (Compl. at 3, ECF No. 1).

3   As a result of this identity theft, Plaintiff states that she disputed "countless credit card

4   transactions" with Defendants, who are all banking institutions. (*Id.* at 1–3).  For example,

5   Plaintiff alleges that on November 2, 2017, she filed a "Qualified Written Request Non

6   Negotiable Dispute of Alleged Debt" with Defendants. (*Id.* at 3).  According to Plaintiff, that

7   filing was to "no avail," and "Defendants continued to litigate the debts as valid debts." (*Id.* at

8   3–4).

9       Plaintiff, acting *pro se*, accordingly filed the Complaint on February 15, 2018, alleging

10  twenty-eight causes of action: (1) Violation of Securities Exchange Act of 1934; (2) "Violation

11  of 31 C.F.R. 103.35 Financial Recordkeeping and Reporting"; (3) "Violation of 17 C.F.R.

12  240.15C1-2 Fraud and Misrepresentation"; (4) "Violation of 18 U.S.C. 1956, Laundering of

13  Monetary Instruments"; (5) "Violation of 18 U.S.C. 1957 Engaging in Monetary Transactions

14  in Propert [sic] Derived from Specified Unlawful Activity"; (6) Violation of 31 U.S.C. 5324,

15  Structuring Transaction to Evade Reporting Requirements; (7) Violation of Truth and Lending

16  Act Section 1640(H); (8) "Violation of Anti Trust [sic] Law"; (9) Violation of the Uniform

17  Deceptive Trade Practices Act; (10) Bank Fraud; (11) Wire Fraud; (12) Violation of the

18  Consumer Credit Cost Disclosure Act; (13) Violation of Fair Advertising; (14) Violation of

19  Unfair Sales Act; (15) Violation of Unfair Competition; (16) "Violation of 12 USCA SEC

20  1831N(A)(2)(A) and C.F.R. 741.6(B)(GAAP)"; (17) Violation of 18 U.S.C. 513 and 514

21  Counterfeiting and Forgery; (18) "Violation of Pro Offering of Investment Securities"; (19)

22  "Violation of 12 U.S.C. Chapter 2 Subchapter 4 Section 83(A)"; (20) "Violation of Law by

23  Acts of Privateering by Breach of Contract or Takings"; (21) "Violation of Law by Acts of

24  Collussion [sic]"; (22) "Violation of Paper Terrorism"; (23) Violation of Freedom of

25  Information or Privacy Act at 5 U.S.C. 552 and 552(A), Misrepresentation of Agreement; (24)

1   Violation of FDCPA 15 U.S.C. 1692(e)(g)(a); (25) Violation of 15 U.S.C. 1692(d); (26)

2   Violation of State Consumer Protection Laws; (27) Breach of Good Faith and Fair Dealing;

3   (28) "Unfair and Unlawful Conduct & Unfair Trade Practice." (*Id.* at 4–41).

4       Defendants BANA, US Bancorp, Chase Bank, Sears Citibank, and Discover each filed a

5   Motion to Dismiss Plaintiff's Amended Complaint in April 2019.[4] (BANA's Mot. Dismiss,

6   ECF No. 54); (US Bancorp's Mot. Dismiss, ECF No. 56); (Chase Bank's Mot. Dismiss, ECF

7   No. 58); (Citibank's Mot. Dismiss, ECF No. 59); (Discover's Mot. Dismiss, ECF No. 60).

8   Plaintiff filed Responses. (Pl.'s Resp. to BANA's Mot. Dismiss, ECF No. 62); (Pl.'s Resp.,

9   ECF No. 65).  On March 11, 2020, the Court granted Defendants' Motions to Dismiss and

10  further ordered that Plaintiff have 21 days from the date of the Order to file a second amended

11  complaint. (Order, ECF No. 79).  Specifically, the Order warned that "failure to file a second

12  amended complaint by this date shall result in dismissal of Plaintiff's claims with prejudice."

13  (*Id.* 11:12–13).

14      On April 7, 2020, after the 21-day deadline, Defendant US Bancorp submitted a

15  Proposed Order, requesting the Court dismiss Plaintiff's remaining claims in light of her failure

16  to timely file a second amended complaint. (Proposed Order, ECF No. 80).  On the same day,

17  the Court entered a judgment against Plaintiff and thereby, dismissed Plaintiff's claims with

18  prejudice. (Order, ECF No. 81).  Plaintiff then filed the instant Motions. (Mot. Reconsideration,

19  ECF No. 83); (Mot. Set Aside, ECF No. 85).

20  **II.    LEGAL STANDARD**

21      Although not mentioned in the Federal Rules of Civil Procedure, motions for

22  reconsideration may be brought under Rules 59 and 60.  Rule 59(e) provides that any motion to

23  alter or amend a judgment shall be filed no later than 28 days after entry of the judgment.  The

24  

25  [4] Defendants also filed Motions to Dismiss Plaintiff's Complaint that the Court granted. (Order, ECF No. 52).  In the same Order granting the Motions to Dismiss, the Court ordered leave to amend. (*See id.*).  Plaintiff timely amended her Complaint. (First Am. Compl., ECF No. 53).

Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Rule 60(b), a court may, upon motion and just terms, "relieve a party . . . from a final judgment," on the ground that the "judgment is void[.]" Fed. R. Civ. P. 60(b)(4).  A judgment is "void only if the court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or if the court acted in a manner inconsistent with due process of law." *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985).  Additionally, under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000).

## III.  **DISCUSSION**

In her Motion for Reconsideration, Plaintiff requests the Court deny Defendants' Motions to Dismiss.[5] (Mot. Reconsideration 12:3–5, ECF No. 83).  Plaintiff states that she "made many calls to the court and clerk for instructions and was told due to the pandemic and the courts being closed to drop off or mail before or the day clerk re-opens." (*Id.* 12:9–11).

---

[5] Though the document is labeled as a "Motion for Reconsideration" on the docket, the document itself is titled, "Opposition to Defendants [sic] Motion to Dismiss Plaintif's [sic] Complaint." (*See* Mot. Reconsideration).  It appears that this document is Plaintiff's attempt at filing a second amended complaint.

Furthermore, Plaintiff only lists Discover, Chase Bank, US Bank, and Citibank as Defendants in her Motion for Reconsideration. (*See* Mot. Reconsideration at 1).  Plaintiff does not list US Bancorp in her Motion.

Similarly, in her Motion to Set Aside Dismissal, Plaintiff reiterates that she was unsure how to file her amended complaint in light of the confusing "information/disinformation . . . announced under the COVID-19 happenings." (Mot. Set Aside at 1, ECF No. 85). Plaintiff thereby requests that the Court set aside its prior dismissal out of fairness and equal justice. (*Id*. 1–2).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev .2003). Plaintiff, in this case, fails to provide both a valid reason and evidence supporting reconsideration of the Court's prior Order. Plaintiff does not complain of a clerical error, nor has she presented any evidence of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or any other reason justifying relief from the judgment. Plaintiff suggests that the confusion around court filings in light of COVID-19 led her to miss the deadline for her to timely amend her Complaint. (Mot. Reconsideration 12:9–11); (Mot. Set Aside at 1). The Court's General Order, filed on March 19, 2020 and posted on the Court's public website, explicitly states that "the closure [of the Court's Office] does not affect any filings. (Am. Temporary General Order 2020-04 2:10–11). "All deadlines will remain in full effect unless otherwise ordered by the presiding judge." (*Id*. 2:12–13). The Order further explains that parties may file documents via the electronic filing system (CM/ECF) and via mail or delivery. (*Id*. 2:14–3:5). While the Court sympathizes with Plaintiff's situation in light of the COVID-19 pandemic, the Court finds that Plaintiff's confusion as to court filings does not establish a valid reason for this Court to reconsider its prior Order.

//

//

//

IV.   **<u>CONCLUSION</u>**

   **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, (ECF No. 83), is **DENIED**.

   **IT IS FURTHER ORDERED** that Plaintiff's Motion to Set Aside Dismissal, (ECF No. 85), is **DENIED**.

   **DATED** this _____1_____ day of February, 2021.

                                                         _____
                                                         Gloria M. Navarro, District Judge
                                                         United States District Court